BLUMBERG v. STERLING BRONZE CO.

(Supreme Court, Appellate Term.   June 30, 1908.)

PRINCIPAL AND AGENT—ACTION FOR AGENT'S COMMISSION—EVIDENCE—SUFFI-
CIENCY.

In an action by an agent for commission on orders for lighting fixtures
alleged to have been secured through his efforts, where the most that ap-
pears is that plaintiff may have brought the name of the defendant to the
attention of the purchasing firm, through one employed by the purchaser
to secure the names of manufacturers, etc., of the desired kind of goods,
but who had no authority to purchase, plaintiff cannot recover.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 40, Principal and
Agent, §§ 194–215.]

Appeal from City Court of New York.

Action by Alexander J. Blumberg against the Sterling Bronze Com-
pany for commissions for obtaining certain orders for lighting fixtures.
From a judgment for plaintiff, defendant appeals.   Reversed, and new
trial ordered.

See 56 Misc. Rep. 477, 107 N. Y. Supp. 142.

Argued before GILDERSLEEVE, P. J., and MacLEAN and SEA-
BURY, JJ.

Simpson, Werner & Cardozo (Benjamin N. Cardozo, of counsel),
for appellant.

Wales F. Severance, for respondent.

MacLEAN, J.   The facts in this case were stated on a former ap-
peal in 56 Misc. Rep. 477, 107 N. Y. Supp. 142.   Assuming now, as
seems to have been assumed at the trial, that the alleged contract of
employment was in force at the time of the execution of the contract
between the defendant and B. Altman & Co., the case is barren of
evidence to support the claim of the plaintiff to commissions on the
ground that it was through his efforts and influence that the defendant
obtained the orders for lighting fixtures.   Testifying that he submitted
sketches to one Kellar for Mr. Altman, which were returned because
they were not liked, and that he never took any sketches there there-
after, his further conversations with Kellar were of no effect, and
affected nothing; for Kellar's only connection with the fixtures was,
as testified to by one of his employers, "to get names of manufactur-
ers, get ready, prepare for us to send for manufacturers of the gas fix-
tures, and make out list.   He was to submit the designs to us."   He
was but a medium, and apparently used only for transmission.   Quite
significant is the testimony of one of the members of the firm of B.
Altman & Co. that he never had any conversation with the plaintiff
concerning the contracts prior to their execution, and the other mem-
ber was not called to speak for the plaintiff and in his behalf.   The
most that appears is that he may have brought the name of the de-
fendant to the attention of the firm of B. Altman & Co.; but there is
no evidence that contracts between that firm and the defendant were
the result of his efforts and influence.

The judgment should therefore be reversed, and a new trial order-
ed, with costs to appellant to abide the event.   All concur.